**ANHEUSER–BUSCH, INC., Plaintiff,**

v.

**The CUSTOMER COMPANY, INC. et al., Defendants.**

**No. C–96–160 SI.**

United States District Court, N.D. California.

Feb. 16, 1996.

Rochelle D. Alpert, Morrison & Foerster, San Francisco, CA, for Anheuser–Busch, Inc.

Dirks B. Foster, Townsend & Townsend & Crew LLP, San Francisco, CA, for The Customer Company, Inc.

Arnold D. Woo, Hill Farrer & Burrill, Los Angeles, CA, for American National Can Co., General Brewing Co.

## ORDER GRANTING PRELIMINARY INJUNCTION

ILLSTON, District Judge.

On February 16, 1996, the Court heard argument on plaintiff's motion for preliminary injunction. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS the motion.

## I. BACKGROUND

This case involves a trademark infringement claim. Plaintiff Anheuser–Busch owns trademarks on the name "Budweiser" and various label designs and insignias and the phrase "King of Beers." The name "Budweiser" and the design of its can label are well known and incorporate red, white and blue colors with distinctive insignias and typeface. Defendant[1] Customer Company promotes, distributes and sells "F & L Beer" through its "Cheaper!" stores, located mainly in Northern California. The labels of the F & L Beer cans are also red, white and blue and have certain features which the Court finds are likely to cause confusion among consumers.

Plaintiff states that in "late 1995," it became aware that Cheaper! stores were selling F & L Beer in cans with allegedly infringing labels.[2] Plaintiff filed a complaint against the defendants, alleging trademark infringement, unfair competition, and trademark dilution, on January 10, 1996[3] and filed an *ex parte* application for a temporary restraining order ("TRO") on January 23, 1996. The TRO application was denied on January 24, 1996, but the Court set a briefing schedule and hearing date of February 16, 1996 for a preliminary injunction. The matter has been fully briefed.

## II. LEGAL STANDARD

### A. Preliminary Injunction

The Court has the authority to grant a preliminary injunction in the exercise of its equitable powers. Fed.R.Civ.P. 65. As the Court is acting in equity, the decision to enter a preliminary injunction is largely left to its discretion. *See Big Country Foods, Inc. v. Board of Educ. of Anchorage School Dist.,* 868 F.2d 1085, 1087 (9th Cir.1989). Traditionally, this rule has been interpreted to require the trial court to consider the likelihood that plaintiff will prevail on the merits *and* the possible harm to the parties from granting or denying the injunctive relief. *See Arcamuzi v. Continental Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir.1987); *Sierra*

---

1. American National Can Company and General Brewing Company are also named defendants in this action. For convenience, the Court will refer to all defendants as "defendant." Only The Customer Company appeared before the Court to argue this motion.

2. Defendant offers evidence that it actually began selling F & L Beer in the subject cans on October 3, 1995. Defendant argues that plaintiff delayed unreasonably in seeking this preliminary injunction. The Court does not agree. Even if knowledge of the sale of F & L beer is imputed to plaintiff as of October 3, 1995, that would constitute a delay of approximately three and one-half months. Under the circumstances, such a delay is not unreasonable. *See Ocean Garden, Inc. v. Marktrade Co., Inc.,* 953 F.2d 500, 508 (9th Cir. 1991).

3. Plaintiff did not serve this complaint on defendant. Plaintiff filed a first amended complaint on January 23, 1996 and that complaint was served.

*On–Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1421 (9th Cir.1984).

At the extremes, the party seeking injunctive relief must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, *or* (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.,* 856 F.2d 1445, 1448 (9th Cir.1988); *Rodeo Collection, Ltd. v. West Seventh,* 812 F.2d 1215, 1217 (9th Cir. 1987). "These are not two distinct tests, but rather the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" *Miss World,* 856 F.2d at 1448 (quoting *Rodeo Collection,* 812 F.2d at 1217). However, in any situation, the Court must find that there is some threat of an immediate irreparable injury, even if that injury is not of great magnitude. *Big Country,* 868 F.2d at 1088 (citing cases); *Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc.,* 762 F.2d 1374, 1376 (9th Cir.1985) (citing cases).

In a trademark infringement action, if the plaintiff can demonstrate a likelihood of success, irreparable harm may be presumed. *Metro Publishing, Ltd. v. San Jose Mercury News,* 987 F.2d 637, 640 (9th Cir.1993), *accord, Apple Computer, Inc. v. Formula, Int'l, Inc.,* 725 F.2d 521, 526 (9th Cir.1984).

## B. Trademark [4] Infringement

Under the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a), defendant is liable for trademark infringement if its F & L Beer label and slogan "The Beer of Beers" are likely "to cause confusion, or to cause mistake, or to deceive" typical customers into believing that plaintiff sponsored or endorsed defendant's product. To prevail on its trademark action, plaintiff must show that: (1) it has a valid protectable trademark and (2) there is a likelihood of confusion as to the source or sponsorship of the product. *Levi–Strauss & Co. v. Blue Bell, Inc.,* 778 F.2d 1352, 1354 (9th Cir.1985) (en banc).

## DISCUSSION

Plaintiff has offered voluminous evidence that it holds a valid trademark and defendant has offered no persuasive legal or factual argument that plaintiff's trademarks are not valid. Thus, plaintiff meets the first element of the infringement test.

As to the second element, the Ninth Circuit has adopted eight factors to be analyzed in determining whether there is a likelihood of confusion. *Metro Publishing,* 987 F.2d at 640. Each factor is not necessarily relevant in every case. *Id.* The factors are:

(1) strength of the mark;

(2) proximity or relatedness of the goods;

(3) similarity of the sight, sound, and meaning of the marks;

(4) evidence of actual confusion;

(5) similarity of marketing channels used by the products;

(6) type of goods and the degree of care used by consumers in purchasing them;

(7) intent of the defendant in selecting the allegedly infringing mark;

(8) likelihood that the parties will expand their product lines.

*Id.,* citing *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1290 (9th Cir. 1992).[5]

Based on analysis of several of these factors, the Court finds that plaintiff has demonstrated probable success on the issue of likelihood of confusion.

*First,* the Budweiser mark is undoubtedly strong. Anheuser–Busch had used the name "Budweiser" for over one hundred years and has spent over $3 billion marketing the "Budweiser" name since 1980 alone. Anheuser–Busch has sold literally billions of cans of

---

4. For the purposes of this motion, it is not necessary to discuss trade dress infringement as a concept separate from trademark infringement. Accordingly, the Court will use the term "trademark infringement" to apply to both trademark and trade dress infringement.

5. Plaintiff cites to a 1992 case from the Ninth Circuit that set forth six factors for determining the likelihood of confusion. *See Americana Trading, Inc. v. Russ Berrie & Co.,* 966 F.2d 1284, 1287 (9th Cir.1992).

Budweiser beer in the United States. These facts are indicative of a strong mark. *See, e.g., Academy of Motion Picture Arts v. Creative House,* 944 F.2d 1446, 1455 (9th Cir.1991).

*Second,* the products are identical: beer.

*Third,* plaintiff has submitted a consumer research study performed by the Mantis Group, showing that, *inter alia,* out of 204 individuals interviewed, 107 thought that An-heuser–Busch produced F & L Beer or authorized its production. Consumer surveys have often been used as evidence of actual confusion and/or evidence of likelihood of confusion.[6] *See E. & J. Gallo,* 967 F.2d at 1292, citing *Prudential Ins. Co. v. Gibraltar Fin. Corp.,* 694 F.2d 1150, 1156 (9th Cir. 1982), *cert. denied,* 463 U.S. 1208, 103 S.Ct. 3538, 77 L.Ed.2d 1389 (1983).

When actual confusion has been shown, Courts generally find this to be dispositive that a likelihood of confusion exists. *See, e.g., Fuddrucker's Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 845 (9th Cir.1987). Survey results showing confusion at levels much lower than those in the present case have supported a finding of likelihood of confusion. *See Exxon Corp. v. Texas Motor Exchange of Houston,* 628 F.2d 500, 507 (5th Cir.1980) (15% found confusion regarding the two marks at issue and 23% found confusion regarding the two products at issue); *RJR Foods, Inc. v. White Rock Corp.,* 603 F.2d 1058, 1059 (2nd Cir.1979) (survey showing 15–20% confusion rate accepted as part of evidence of likelihood of confusion); *James Burrough, Ltd. v. Sign of Beefeater, Inc.,* 540 F.2d 266, 277–78 (7th Cir.1976) (15% confusion rate found to be dispositive of likelihood of confusion).

*Fourth,* the marketing channels overlap. F & L Beer is sold at Cheaper! stores and Budweiser is distributed through a broad range of supermarkets, liquor stores and convenience stores, including Cheaper!

stores. Thus, F & L Beer and Budweiser are found "on the same shelves" in Cheaper! stores.

*Fifth,* the products are the same; and, because beer is a relatively inexpensive product, consumers are not likely to use great care in selecting beer.

## CONCLUSION

The Court finds that plaintiff has shown a likelihood of success on the merits and that irreparable harm can be presumed in this trademark case. Consequently, the preliminary injunction will issue.[7]

Accordingly, IT IS HEREBY ORDERED THAT:

1) Pending the conclusion of the litigation of this matter, The Customer Company, Inc., its successors, officers, agents, assigns and employees, and anyone acting in concert with or at the behest or direction of The Customer Company, jointly and severally, are enjoined and restrained from manufacturing, producing, distributing, offering for sale, selling, or using the present F & L Beer label and the designation "The Beer of Beers" and from disseminating any goods, promotional materials, flyers, advertising, business cards, point of sale materials, signage, stationery or other materials containing or incorporating the present F & L Beer label or "The Beer of Beers";

2) Pending the conclusion of this litigation, the Customer Company shall recall and/or remove from all locations any goods, promotional materials, flyers, advertising, business cards, point of sale materials, signage, stationery, or other materials bearing the present F & L Beer label or "The Beer of Beers." The Customer Company shall keep these goods and materials pending further order of the Court; and

3) As a condition of the preliminary injunction, plaintiff shall file with the Clerk of

---

**6.** The Court recognizes that surveys do not have talismanic value as indicators of consumer confusion. Survey results can be skewed by numerous factors including the use of leading questions and biased populations. *See Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.,* 559 F.Supp. 1189, 1205 (E.D.N.Y.1983).

**7.** Because the trademark infringement allegations are sufficient to warrant the issuing of a preliminary injunction, the Court does not address the state and federal dilution claims or the California Business and Professions Code § 14430 claim.

the Court an undertaking in the form of a bond, certified or cashier's check or cash in the amount of $96,000 as security for any damages that may result if the defendant is found to have been wrongfully restrained.

IT IS SO ORDERED.